Bell, J.,
concurring. It is obvious that much of the litigation and apparent confusion concerning a municipality’s liability for defects in a sidewalk stems from an apparent inconsistency between the decisions of this court in Kimball v. City of Cincinnati, 160 Ohio St., 370, 116 N. E. (2d), 708, and O’Brien v. City of Toledo, 167 Ohio St., 35, 146 N. E. (2d), 122, and the *510 decision and statements in the syllabus in Griffin v. City of Cincinnati, 162 Ohio St., 232, 123 N. E. (2d), 11, concerning differences in elevation between slabs of a sidewalk.
In the O’Brien case, this court unanimously followed the unanimous decision in the Kimball case holding, in effect, that, to impose liability on a municipality for a defect in a sidewalk, that defect must be a substantial and not a slight one. The defect alleged in the O’Brien case, consisting not only of a difference in elevation but also of a variation in the width of a crack and a considerable variation in its depth, was markedly more “substantial” than the “difference in the elevations of the slabs of one or two inches” claimed in the Griffin case. Yet, in the O’Brien case, this court unanimously chose to follow its ruling in the Kimball case, thus rejecting, in part at least, its divided decision in the Griffin case.
Therefore, to the extent that the decision in the Griffin case is inconsistent with the decision in the O’Brien case and with, the decision agreed upon herein, we no longer consider the Griffin case as controlling.
Tart, Matthias and Herbert, JJ., concur in the foregoing concurring opinion.